## THE TERRITORY OF HAWAII *v.* LO KAM.

SUBMITTED JULY 14, 1900.        DECIDED SEPTEMBER 6, 1900.

FREAR, C.J., GALBRAITH, J., AND J. A. MAGOON, ESQ., OF THE BAR, IN PLACE OF PERRY, J., ABSENT.

(1) "Without lawful excuse," in section 370, Penal Laws, 1897, means without lawful authority or a reasonable belief in lawful authority.

(2) One who goes upon the premises of another, by night, for a lawful purpose, and on the invitation of one rightfully occupying the premises, without the knowledge or consent of the owner, remains over night, is not there "without lawful excuse."

### OPINION OF THE COURT BY GALBRAITH, J.

The defendant was charged with "the offense of violating Section 370, of the Penal Laws, 1897, in Honolulu, Island of Oahu, January 25th, 1900, by being found on the premises of one C. Bolte, by night, without lawful excuse," and after trial, was found guilty.

He excepted to the charge of the Circuit Judge to the Jury, also to the order overruling his motion for a new trial.

Section 370 of the Penal Laws, 1897, under which the prosecution was brought, reads as follows:

"Any common prostitute, or any person who is lewd, wanton or lascivious in speech or behavior, or any person who has no visible lawful means or insufficient means of support, or who wanders abroad or places himself in any public place to beg alms, or causes any child so to do; or who solicits or collects alms or contributions under any false pretense; or who practices hoopiopio, hoounaua, hoomanamania, anaana or pretends to have the power of praying persons to death; or who pretends to tell fortunes for money or other reward, or who has in his possession without lawful excuse (the proof of which excuse shall be upon such per-

son) any false or skeleton key or any implement of house-breaking; or who is found by night dressed or disguised with a felonious intent; or who is found by night without lawful excuse (the proof of which excuse shall be upon such person), in or upon any dwelling-house or other buildings or any enclosed yard, or on board any vessel, or who is a dangerous or disorderly person by reason of his being a rioter, disturber of the peace, going offensively armed, uttering menaces or threatening speeches, or otherwise shall be punished by imprisonment at hard labor not more than six months."

While there is some conflict in the evidence, the testimony tends to support the following state of facts: That Mr. C. Bolte, a resident of Judd street, Honolulu, had a number of Asiatic servants in his employ; that these, together with a Chinese fisherman, with the consent and knowledge of Mr. Bolte, occupied a building on the premises as "servants' quarters"; that the defendant on January 25th, A. D., 1900, without the permission of Mr. Bolte, called at the servants' quarters at 7 or 8 o'clock in the evening for the purpose of collecting $100 due him from one of the occupants, the Chinese fisherman, who was also the defendant's partner in some business enterprise; that the money was collected and defendant lingered to talk over business and social matters until about 9:30 o'clock; that the defendant was then afraid of being robbed if he returned to his own home, and, on the invitation of one of the occupants of the "tenants' quarters," stayed over night and on the following morning returned to his own house, and was afterward arrested for violating the above statute.

The charge of the Circuit Judge, excepted to by the defendant was as follows, to-wit:

"Mr. Chillingworth's argument has clearly shown what was apparent before, that the issue in this case is largely one of law.

"There is very little that is to be determined by you. The section of the law which applies was correctly read by one of counsel in this case. What is or is not a lawful excuse is for the Court to determine. That is a matter of law.

"The granting of the permission by the Chinaman to defendant to sleep on the premises without Mr. Bolte's permission, the said Chinaman himself having no authority to give such permis-

sion to the defendant, would not constitute a lawful excuse under the circumstances of this case: Moreover, at that time it is a fact that there was a Board of Health regulation in existence having the force of law, forbidding any person changing his place of abode without a permit, so that the defendant at the time in sleeping on the premises was in fact engaged in a violation of the law.

"The excuse that he offers then is not a sufficient excuse under the law and the only question of fact for you to determine upon the evidence is, whether it has been shown to your satisfaction that the defendant did sleep on those premises that night.

"If you believe from the evidence of the witnesses for the prosecution that he did, or, if you believe the defendant's own admission that he did, then you must find him guilty. The only theory upon which you can acquit him is that you disbelieve the evidence entirely."

While it is apparent from a reading of Section 370, under which the charge is laid, that this Statute was enacted to cover a "multitude of sins," or offenses, that by it the Legislature intended to remedy many wrongs, it does not appear, nor do we think, it was intended, by this section to declare a simple trespass to be an offense and punishable as a misdemeanor.

"Excuse," said Willes, J., "is either an authority or a reasonable belief in authority," *The Queen v. Harvey.* Crown Cases Reserved. Vol. 1, p. 286.

Under this definition the phrase "without lawful excuse," as used in section 370, would mean without lawful authority or reasonable belief in lawful authority. If the defendant had lawful authority or a reasonable belief in lawful authority for being on the premises at the time alleged and had either lawful authority or a reasonable belief in lawful authority for remaining there over night, he is not guilty of the offense charged.

The defendant went upon the premises, as shown by the evidence, for a perfectly lawful purpose. He had a right to call upon his debtor for payment of money due, and by night, if necessary. Then having gone upon the premises for a lawful purpose he was not there "without lawful excuse" and being rightfully on the premises, had he not lawful authority or a reasonable belief in lawful authority for remaining there over

night on the invitation of one who was a rightful occupant of the house?

We think he had and that the Circuit Judge erred in holding and instructing the Jury otherwise.

The defendant was not charged with violating a regulation of the Board of Health. Nor does the record disclose whether or not he held a permit from the health authorities, permitting him to change "his place of abode." That part of the instructions relative to the regulation of the Board of Health does not seem to be pertinent to any issue in the case and we think it should have been omitted.

The exceptions are sustained and a new trial ordered.

*Mr. Lorrin Andrews* for the Territory.

*Mr. S. F. Chillingworth* for defendant.